IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **EUGENE SCALIA,**<br>**SECRETARY OF LABOR,**<br>**UNITED STATES DEPARTMENT**<br>**OF LABOR,**<br>       *Plaintiff*,<br>  v.<br><br>**JELINEK CUSTOM CLEANING, INC. and**<br>**BRIAN JELINEK, an individual,**<br>       *Defendants*. | Case No. 8:20-cv-371<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor of the United States Department of Labor, brings this action pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*.), (hereinafter, the "Act"), to enjoin Defendants from their continued violations of Sections 7 and 15(a)(2) of the Act, including the imposition of a restraint on Defendants precluding the withholding of any payment of overtime compensation found by the Court to be due under the Act; and to recover unpaid overtime compensation owed by Defendants to their employees, together with an additional equal amount to be recovered as liquidated damages, pursuant to Section 16(c) of the Act.

### INTRODUCTION

1. Throughout the statutory period, Defendants Jelinek Custom Cleaning, Inc. ("JCC") and Brian Jelinek ("Jelinek") (collectively "Defendants") failed to comply with the provisions of the Act by willfully withholding thousands of dollars in overtime compensation knowingly due to certain non-exempt employees.

1

**DEFENDANTS**

2. Defendant JCC is a corporation organized under the laws of the State of Nebraska, with its principal office and place of business at 6760 Madison Road, Alliance, Nebraska 69301. Defendant JCC is a year-round bean processing business consisting of an automated mill, office, warehouse, and several bins.

3. At all times relevant herein, Defendant JCC has been an "employer" within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

4. Defendant Brian Jelinek, an individual, is the owner and operator, as well as President and CEO, of Defendant JCC. At all times relevant herein, Jelinek has acted, directly or indirectly, in the interests of Defendant JCC with respect to its employees. Specifically, Vasquez has hired and/or fired employees of Defendant JCC, fixed employee wages, and signed employee paychecks. Accordingly, Jelinek is an "employer" within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

5. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c), 217, as well as by 28 U.S.C. §§ 1331 and 1345.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this District.

7. Pursuant to District of Nebraska Local Rule 40.1(b), the Secretary requests the place of trial for this matter be Omaha, Nebraska.

## COVERAGE

8. The business activities of Defendants were and are related and performed through unified operation and common control for a common business purpose, and have, since December 2014, constituted an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

9. Since 2015, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees transporting, constructing, and otherwise working on materials that have been moved in or produced for commerce by any person; and annual gross volume of sales made or business done of not less than $500,000; and, therefore, was and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## FACTUAL ALLEGATIONS

10. The instant Wage and Hour Division investigation covered the period including February 1, 2017, through January 27, 2019.

11. Throughout the statutory period, Defendants knowingly failed to pay their non-exempt employees overtime wages at a rate of one-and-one-half times their respective straight rates of pay.

12. In addition, Defendants paid end-of-season bonuses that were not included within their employees' regular rates of pay.

13. As a result, certain employees who received end-of-season bonuses were also due pro-rated overtime amounts based upon their total annual hours worked pre-payment.

## VIOLATIONS OF THE ACT

14. Defendants have willfully violated and continue to violate the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce, or in the handling of goods or materials that have been moved or produced for commerce, for workweeks in excess of 40 hours without compensating said employees at a rate not less than one-and-one-half times their respective straight time rates. Specifically, Defendants' overtime violations result from, but are not limited to, the following practices:

   a. Paying employees straight time rates for overtime hours worked in excess of 40 hours per week; and

   b. Paying end-of-season bonuses that were not included within their employees' regular rates of pay.

15. As a result of the violations of the Act alleged herein, amounts are owed for unpaid overtime compensation to certain employees specifically named in Appendix A (attached hereto) for the statutory time period.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays for judgment in favor of Plaintiff and against Defendants as follows:

(a) An injunction, pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees, successors, parties-in-interest, and those persons in active concert or participation with them who receive actual notice of any such judgment, from prospectively violating the overtime provisions of the Act;

(b) A judgment, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216, against Defendants for overtime compensation that may be found by the Court to be due under the Act to certain current and former employees of Defendants named in Appendix A, together with an equal additional amount as liquidated damages; and

(c) Such other and further relief as this Court deems just and appropriate.

**Dated: September 18, 2020**

| | |
|---|---|
| **KATE O'SCANNLAIN**<br>Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>**EVERT H. VAN WIJK**<br>Associate Regional Solicitor |   s/ Boyce N. Richardson<br>**BOYCE N. RICHARDSON**<br>Attorney (Mo. Bar No. 62509)<br><br>OFFICE OF THE SOLICITOR<br>U.S. DEPARTMENT OF LABOR<br>2300 Main Street \| Suite 1020<br>Kansas City, MO 64108<br>(816) 285-7260<br>(816) 285-7287 (fax)<br>Richardson.Boyce.N@dol.gov<br><br>Attorneys for the **Secretary**<br>Wage and Hour Division, United States Department of Labor |

# APPENDIX A

| | |
|---|---|
| 1. Adams, Matthew | 14. Perez-Arvizo, Juan Carlos |
| 2. Avila-Carreon, Jose Alonso | 15. Perez-Barrientos, Cesar Antonio |
| 3. Benzel, Logan | 16. Picket-Pin, Greg |
| 4. Brown, Daniel | 17. Ramirez-Moreno, Jose Santiago |
| 5. Brown, Roger | 18. Robb, Jeremiah |
| 6. Chavez, Horacio | 19. Roland, Kyle |
| 7. Chavez, Isaac | 20. Schefcik, Jr., Robert |
| 8. Duncan, Robin | 21. Stites, Brandon |
| 9. Harris, Mandi | 22. Twogood, Connor |
| 10. Hoffman, Austin | 23. Whirlwind Horse, Reno |
| 11. Lloyd, Patrick | 24. Wright, Anthony |
| 12. Montes, Donaldo | 25. Zier, Jacob |
| 13. Larz, Parker | |